UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 27 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**Robert Heard,**

    **Plaintiff,**

v.

**United States Attorney General,**

    **Defendant.**

Civil Action No. 10 0647

## MEMORANDUM OPINION

The plaintiff has filed an application to proceed in forma pauperis and a pro se complaint. The application will be granted and the complaint will be dismissed pursuant to the Court's authority under 28 U.S.C. § 1915A(b).

The complaint is made on a form designed for prisoners bringing a civil rights action under 42 U.S.C. § 1983. The substance of the complaint, however, shows that it is in the nature of a petition for a writ of mandamus. As relief, the plaintiff seeks an order requiring the United States Attorney General to commence "an investigation into the allegations contained in the complaint [he] filed" with the office of the United States Attorney General in December 2009 and with the Department of Justice Special Litigation Unit in September 2009. Compl. at 6. In these previous filings with the Department of Justice, the plaintiff had requested an investigation into the practices of the Georgia Department of Corrections that resulted in alleged "brutal beatings, killings, loss of body parts, corruption of all sorts, drugs, phones, prostitution etc." *Id.* at 4.

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only

3

The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). Only "exceptional circumstances" warranting "a judicial usurpation of power" will justify issuance of the writ. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (internal quotation marks omitted)); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007) (stating that mandamus is "an extraordinary remedy reserved for really extraordinary cases") (internal quotation marks and citation omitted). Mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *In re Medicare Reimbursement Litigation*, 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). With respect to the first two requirements, mandamus is available "only where the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Lozada Colon v. U.S. Dep't of State*, 170 F.3d 191 (D.C. Cir. 1999) (per curiam) (internal quotation marks and citation omitted).

The complaint does not, and on these facts cannot, establish either that plaintiff has a clear right to the relief requested or that the defendants have a clear duty to perform a ministerial, clearly defined, and peremptory act. It is beyond serious debate that the exercise of the government's power to investigate and prosecute is a discretionary function. This well-settled rule is long-standing and firmly rooted in American jurisprudence. *See The Confiscation Cases*, 74 U.S. 454, 456-57 (1868); *United States v. Nixon*, 418 U.S. 683, 693 (1974). Accordingly, the

complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted against these defendants. 28 U.S.C. § 1915A(b)(1).

A separate order accompanies this memorandum opinion.

Date: April 15, 2010

_____
United States District Judge